Deaderick, Ch. J.,
delivered t-be opinion of the court:
There was judgment for Gill in the circuit court of Lincoln county, in action of replevin instituted by him, and the defendants have appealed in error to this court. Dean & Co. executed two deeds of trust to Gill, as trustee, which were executed, proved and registered, respectively, on 4th and 5th of May, 1875. On the evening, perhaps, after these deeds were executed, which conveyed all the property of Dean & Co. for the benefit of creditors, Dean told Gill he had ordered some goods from Anthony, which had not *44 arrived, and asked him to take the goods, if they came, and sell them for the benefit of Anthony. No arrangement was then made, but Dean states he saw Gill again, and he then agreed to take them and p.ay Anthony the invoice price, and that he, Dean, sold him the goods at the price he was to pay Anthony for them. The goods came, and Dean states he went to Gill and told him of it, and delivered to him the bill .of goods and the. bill of lading, and Gill stated he had then no place to put them, and’ directed Dean to take them to his (Dean’s) house, and open and. commence selling them, keeping the money received separate and pay it over. Dean had the goods taken to his house, and next morning they were levied upon, by execution issued on judgment obtained 5th and 6th of May, 1875, before a justice of the peace.. These executions were levied 6th' of May, and Gill replevined the goods May 8th. 3875. Gill corroborates the testimony of Dean, and states that he had paid Anthony for the goods, or had them charged to him, and had a running account with Anthony, since the goods were charged to him amounting to between $1,500 and $2,000, and he owed him at the time of his examination about $400.
The foregoing 'facts raised the question whether there had been a valid sale by Dean to Gill, or whether the goods were still hable'to execution as the property of Dean & Co.
The circuit judge instructed the jury that a sale of personal property is said to be complete when the owner offers to sell it for a certain price and the purchaser agrees to take it at the price .'asked. If nothing more remains to be done after such offer and acceptance, then the purchaser is entitled to the goods and the seller to- the consideration agreed to be paid.
For plaintiff in error it is insisted that this definition of a sale of personalty is erroneous; and that to make a valid sale 'of personal property there must have been an actual deliveiy of gpods to the purchaser.
*45 We are cited to authority which seems to support this proposition as the established rule in several of the states. Bump, on ’Fd. Con., 169.
In the same booh, however, it is said that the preponderance of the authorities is, at the present time, that possession by the vendor simply raises a presumption of fraud, and that whether such presumption is rebutted, is a question for the determination of the jury. Ibid., 150,151.
So this court has held if one party says I will take a certain sum for a specific thing, and the other says I will give it, the trade is complete. 9 Hum., 281; 2 Sneed, 25.
The circuit judge instructed the jury that if Dean retained possession after the alleged sale, it would be prima facie evidence of fraud, and if made to hinder and delay creditors, it would be void. But whether there was a sale at all, or an intent to defraud creditors, was left’ to the jury to determine under proper instructions.
It is also insisted that the sale is void under the statute of frauds.
It will be observed that Anthony does not bring this suit against Gill to recover upon his promise to Dean to pay Anthony’s debt against Dean. If so, it would fall within the principle decided in the case of Campbell v. Findley, 3 Hum., 330.
But the question here is, was the undertaking and agreement of Gill with Dean to 'pay Dean’s debt to Anthony, a sufficient consideration, as between Deán and Gill, for the goods sold by Dean to Gill, and we are of opinion that it was.
The charge of the court, we think, is in all respects correct, and the verdict of the jury is sustained by the evidence, and the judgment will be affirmed.